IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WHITAKER,

Plaintiff, No. CIV S-05-2024 GEB DAD P

vs.

CALIFORNIA DEP'T OF CORRECTIONS, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2006, the court dismissed plaintiff's complaint and granted him leave to amend because the complaint on file was only partially legible and his claims were indecipherable. The court also provided plaintiff with the legal standards applicable to a civil rights action and an Eighth Amendment excessive force claim because he had made some allegations about being beaten by prison officials. On October 18, 2006, plaintiff filed his amended complaint. On March 20, 2007, plaintiff filed a second amended complaint. The court will screen the second amended complaint, since it appears to be more complete than the October amended complaint and is plaintiff's latest pleading. The amended complaint will, therefore, be dismissed.

Like his original complaint, plaintiff's second amended complaint continues to be disjointed and indecipherable. In his original complaint, plaintiff named as defendants, "All CDC Psychistric [sic] CDC Employees State Of Calif." In his second amended complaint, plaintiff names Dr. Giegier, the Chief Psychiatrist at California State Prison - Pelican Bay as the sole defendant. As best as the court can determine, it appears that plaintiff is alleging that in 1981 at CSP-Pelican Bay , defendant Giegier injected him with "prolixin and hadol" while plaintiff was restrained in leg irons and handcuffs. (Second Am. Compl. at 3[1].) Plaintiff contends that the shot almost killed him and has caused him to suffer severe brain damage. (Id.) Plaintiff indicates that in 1981, he filed a case in the U.S. District Court for the Northern District of California which challenged this involuntary injection of medication. (Id.) Plaintiff seeks $500,000 in punitive damages and $100,000 in "civil damages." (Id. at 4.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case it is now clear that plaintiff's claim arose in Del Norte County, which is in the Northern District of California. Therefore, plaintiff should have filed this action with the U.S. District Court for the Northern District of California. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." Because plaintiff is bringing the same action in this court that was previously filed in the Northern District, the court will not transfer this case to the

---

[1] Plaintiff has intermingled pages of the form complaint with his attachments. Therefore, the referenced page numbers shall correspond to the chronological page numbers.

Northern District. The court does not find that the interest of justice will be served to transfer a case that was already litigated in that court over twenty years ago. The court will recommend that this action be dismissed.

On May 11, 2007, plaintiff filed a motion for the appointment of counsel. In light of the court's recommendation that this action be dismissed, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed on October 18, 2006, is dismissed; and

2. Plaintiff's May 11, 2007 motion for the appointment of counsel is denied.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of proper venue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
whit2024.56